See also 24 F.R.D. 504.

Helen BUREN, Plaintiff,

v.

Samuel B. SCHEIN, Defendant.

Civ. 20277.

United States District Court
E. D. New York.

Jan. 22, 1963.

Lee Feltman, New York City, for plaintiff.

Corcoran, Kostelanetz, Gladstone & Lowell, New York City, for defendant;

Stanley H. Lowell, Jon H. Hammer, New York City, of counsel.

BARTELS, District Judge.

Plaintiff sues the defendant upon two causes of action, (1) alleging that the defendant by means of fraudulent and false representations induced the plaintiff on August 28, 1958 to sell to him 50 shares of the common stock of Tanglewood Gardens, Inc. (Tanglewood) for $16,500, which had an actual value of $31,667, and (2) alleging that the defendant as an officer and director of Tanglewood, in breach of his duty to stockholders, failed to disclose the true facts to the plaintiff before purchasing her stock at less than its true value. With respect to this first cause of action the defendant now moves for a partial summary judgment pursuant to Rule 56 (d), Fed.Rules Civ.Proc., 28 U.S.C.A.

There does not seem to be any dispute about the following facts: that in August of 1958 defendant was an officer and director and owner of 100 of the 300 issued and outstanding shares of Tanglewood, whose sole asset was an apartment house; that plaintiff owned 50 of such shares, originally purchased from the defendant in November of 1955; that some time in August of 1958 an advertisement was placed in The New York Times by the corporation's attorney (Leo Pincus) for the sale of the corporation's property, which resulted in the sale of all of its corporate stock; that on August 28, 1958, defendant purchased from plaintiff 50 shares of Tanglewood stock and thereafter on September 10, 1958, entered into a contract together with the remaining stockholders of Tanglewood to sell all of their shares of stock to a purchaser at a price which produced a profit of at least $11,000 on the stock purchased by the defendant from the plaintiff; and that between September 2nd and September 11th, 1958, the defendant was absent from the City.

Plaintiff claims in her opposing affidavit that the defendant knew of the pending efforts and negotiations for the sale of all of the stock of Tanglewood at the time he negotiated for and purchased plaintiff's stock and in addition to failing to disclose this fact, he further represented that (a) there were no pending negotiations for the sale of all of Tanglewood stock; (b) the application to the F.H.A. for an increase in rent had been disapproved; (c) costly disbursements would be necessary to alter the premises and eliminate violations, thus making dividends unlikely; and (d) the value of the plaintiff's stock was less than $17,000. Plaintiff further alleges that pursuant to defendant's request, plaintiff predated the transfer papers to show that the date of the sale of the stock was in March of 1958 instead of August, 1958, and that there was a meeting between the prospective purchasers and the corporation's attorney in August of 1958.

In support of defendant's application, defendant submitted affidavits by himself, by the other stockholders of Tanglewood, including Pincus, by one Dr. Cook, by the purchaser and by the broker involved in the transaction. These affidavits, in substance, collectively state that (a) defendant had no knowledge of the negotiations for sale of all of Tanglewood's stock to the new purchasers and made no representations with respect thereto; (b) plaintiff pressurized the defendant to buy her stock many times between April, 1958 and August, 1958; (c) after purchasing the stock from the plaintiff, defendant offered to resell the same on August 29, 1958 to Dr. Cook at the price paid therefor; (d) defendant requested plaintiff during the weekend of August 30, 1958 to reconsider and cancel his purchase; (e) defendant was an inactive director and officer and Jack Chesner as president and Leo Pincus as attorney managed the corporation's affairs and that Pincus inserted the advertisement in The New York Times; and (f) defendant was absent from the City from September 2nd to September

11th, 1958, and Pincus did not inform him of any negotiations for the sale of all of Tanglewood's stock until September 10, 1958.

■ With this background the Court is requested to find that there is no genuine issue of a material fact. The principles applicable to summary judgment have been enunciated by a host of precedents and hardly need repetition. The test is set forth in Rule 56(c) and is simple. It is the application of the test to the facts of a particular case that presents the problem. Upon this motion it is not the Court's function to pass upon the credibility of the statements contained in the affidavits, nor to draw an inference in favor of one party at the expense of the other where more than one inference is possible; nor does the decision depend upon the number of affidavits that one party may submit as compared to the number submitted by the other party. The Court's conviction as to the merits of the case is also immaterial.

■■ One of the material facts in this case is whether the defendant had knowledge of the pending negotiations for the sale of all of the stock of Tanglewood to the new purchaser and made false representations to induce plaintiff to sell her stock. A comparison of the recital of the facts as claimed by plaintiff with the recital of the facts as claimed by defendant clearly shows that there is a conflict upon this issue. Defendant states that factually the papers show that there can be no issue as to his lack of the requisite knowledge because of the circumstances surrounding the transaction including his absence. Knowledge, being a subjective condition, frequently cannot be proven except by circumstantial evidence from which the inference of knowledge or lack of knowledge may be drawn. Even were the conflict in affidavits absent in this case, it cannot be said that only one inference can be extracted from the surrounding circumstances. If reasonable men might draw different inferences from the circumstances, the motion must be denied. The Court cannot act as a trier of the facts and draw from the conflicting evidence in this case one inference in preference to another. Empire Electronics Co., Inc. v. United States, 2 Cir., 311 F.2d 175.

The pleadings, depositions and conflicting affidavits in this case present a genuine issue of a material fact requiring the denial of the motion for a partial summary judgment.

Settle order within ten (10) days on two (2) days' notice.